SCHEB, Judge.
Appellant was adjudged guilty of breaking and entering with intent to commit a misdemeanor and sentenced to a term of from six months to two years with credit for time spent in the county jail. He appeals, contending the trial court erred in failing to grant his motion to suppress. We agree with appellant and reverse.
Appellant was arrested on a charge of “voluntary intoxication” and was fingerprinted by the police after his arrest. Subsequently, the state charged him with breaking and entering with intent to commit a misdemeanor. Appellant pled nolo contendere, reserving the right to appeal the court’s denial of his motion to suppress. See State v. Ashby, Fla.1971, 245 So.2d 225. It was the fingerprints taken after his arrest which linked him to the break-in.
The arrest took place in October, 1974. At the hearing on the motion to suppress, the arresting officer testified the arrest *70 was made for “voluntary intoxication,” since appellant had an odor of alcohol on his breath and was unable to walk without wobbling.
Former Fla.Stat. § 856.01, which prohibited voluntary intoxication, was repealed effective July 1, 1973. Chapter-71-132, §§ 17 and 21, Laws of Florida, 1971.
 Appellee now seeks to justify the arrest under Fla.Stat. § 856.011, which provides:
(1) No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.
(2) Any person violating the provisions of this section shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.
Of course, the fact that the officer did not describe the offense with technical accuracy would not be a basis upon which to invalidate the arrest. Roberts v. State, Fla.App.2d 1975, 318 So.2d 166. However, the record is devoid of evidence that appellant was causing a public disturbance or endangering the safety of another person or property. Since the arrest cannot be justified under Fla.Stat. § 856.011, it was an illegal arrest. Hence, any fingerprints taken as a result thereof must be suppressed. Davis v. Mississippi, 1969, 394 U.S. 721, 89 S.Ct. 1394, 22 L.Ed.2d 676; Russo v. State, Fla.App.4th 1972, 270 So.2d 428.
Accordingly, the judgment of the trial court is reversed and the cause remanded for further proceedings consistent herewith.
BOARDMAN, Acting C. J., and GRIMES, J., concur.