335 So.2d 1 (1976)
Elmore MORRIS, Appellant,
v.
STATE of Florida, Appellee.
No. 48733.
Supreme Court of Florida.
June 30, 1976.
Phillip A. Hubbart, Public Defender, and Paul Morris, Asst. Public Defender, for appellant.
Richard E. Gerstein, State's Atty., and George Volsky, Asst. State's Atty., for appellee.
PER CURIAM.
We here review the judgment of the County Court of Dade County finding appellant *2 guilty of disorderly conduct in violation of Section 877.03, Florida Statutes,[1] by use of profane language to police officers in the presence of other persons.
Appellant alleges the statute to be unconstitutional on its face for vagueness, and in violation of the First, Fifth and Fourteenth Amendments to the Constitution of the United States.
The facts here are similar to those in our recent Opinion of White v. State, 330 So.2d 3, Opinion filed March 24, 1976, in which we construed the statute to meet federal standards. In that case we said:
"We find ourselves in a similar position, and we require that, for conviction under our statute to be acceptable, more must be shown than that the words were offensive to a part of the general population.
"In sum, the words used by the defendant are protected even though they may not be acceptable in certain strata of society. It is the degree of loudness, and the circumstances in which they are uttered, which takes them out of the constitutionally protected area. Indeed, his conduct would have been equally disorderly had he merely recited `Mary Had a Little Lamb' in the same tone and under similar circumstances.
"We hold that mere words, used as a tool of communication, are constitutionally protected. The protection fails only when 1) by the manner of their use, the words invade the right of others to pursue their lawful activities, or 2) by their very utterance, they inflict injury or tend to incite an immediate breach of the peace. Limited by this construction, we hold the statute constitutional."
Applying the above standards to the facts in the record before us the judgment of the court does not meet constitutional standards.
Accordingly, the judgment is reversed and remanded to the County Court of Dade County for proceedings consistent with this opinion.
It is so ordered.
OVERTON, C.J., and BOYD, ENGLAND and SUNDBERG, JJ., concur.
HATCHETT, J., concurs in result only.
NOTES
[1] 887.03 Breach of the peace; disorderly conduct.  Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in § 775.082 or § 775.083.