RAWLS, Acting Chief Judge.
Reserving the right to appeal the denial of his motion to suppress, Williams entered his plea of nolo contendere to the offense of possession of less than five grams of cannabis and possession of barbiturates. Williams now appeals from the judgment of guilty and sentence imposed.
The sole point on appeal is that the motion to suppress tangible evidence should have been granted, because the search and seizure was the direct result of an arrest based upon a city ordinance which is unconstitutional on its face and as construed.
At approximately 11:30 p.m., November 25, 1975, in response to a report that a fight was in progress, two Tallahassee police officers went to an apartment complex located within the city limits. They found Williams outside an apartment “banging” on an entrance door in an effort to gain entry. The police officers entered the apartment. Williams remained outside. An occupant of the apartment advised the officers that he did not desire to place charges, but he did desire that Williams leave the area. The officers, after advising Williams they were not going to arrest him, urged that he leave the area. As the officers departed, they looked back and again saw Williams “banging” on the door and creating a disturbance. The officers returned immediately, placed Williams under arrest, and charged him with disturbing the peace. An immediate search of Williams produced the contraband found on his person for which he was subsequently charged and convicted.
Williams’ primary contention is that the city’s disorderly conduct ordinance[1] purports to regulate speech but fails to do so with the requisite narrow specificity. He further contends that the trial judge bypassed the opportunity to give this ordinance a narrowing construction which might have saved it. The thrust of Williams’ argument, as we view it, is that because the trial court held that the ordinance was neither vague nor overbroad, but was a useful tool in law enforcement and “preventive in nature”, we must strike it down. Such is not our understanding of White v. State, supra. There, the Supreme Court specifically held:
“Whether the statute is constitutional on its face against a challenge for over-breadth and vagueness is a question requiring more deliberate examination we hold the statute constitutional subject to our limited construction. “In determining the narrow line between constitutionally protected speech and that which is unprotected, it is imperative to consider the circumstances in which the words were uttered. . . . ” (emphasis supplied)[2]
Repeated banging on a door in an apartment complex at approximately 11:30 in the nighttime, thus creating a disturbance, is not such freedom of using mere words as a tool of communication that is constitutionally protected. Such conduct constitutes probable cause to justify the arrest of Williams for violation of the subject ordinance.[3] Again, quoting from White v. State, supra: “The gravamen of his offense was not words, but the acts which accompanied his words.” And the fact that the trial court did not enunciate a “limited construction” does not alter the uncontradicted testimony that “they were yelling at each other”, “there were people standing in the doorways and such”, and “yelling and stomping and shuffling around and such”. This conduct reflects a “commotion” which would have breached the *500 public order.[4] The ultimate question is: Can the ordinance stand constitutional muster upon the particular factual circumstances in a given case? Under the facts disclosed in this record, the subject ordinance is not facially incompatible with the state or federal constitutions.[5].
AFFIRMED.
MILLS and SMITH, JJ., concur.

. The subject ordinance is strikingly similar to the state’s disorderly conduct statute, Sec. 877.03, F.S., which was recently upheld in White v. State, 330 So.2d 3 (Fla.1976), by the Florida Supreme Court which observed a limited construction of the statute.

. Cf. Spears v. State, Florida Supreme Court Case No. 48, 776, 337 So.2d 977, opinion filed September 23, 1976, not yet reported; also see Moffett v. State, Florida Supreme Court Case No. 48,260, 340 So.2d 1155, opinion filed October 14, 1976.

.State v. Saunders, Supreme Court Case No. 48,438, 339 So.2d 641, opinion filed November 12, 1976, not yet reported.

. Wiegand v. Seaver, 504 F.2d 303 (5th Cir. 1974), cert. den. app. dism. 421 U.S. 924, 95 S.Ct. 1650, 44 L.Ed.2d 83 (1975).

. State v. Saunders, supra.