358 So.2d 856 (1978)
Phyllis Walz HARBIN, Appellant,
v.
STATE of Florida, Appellee.
No. HH-118.
District Court of Appeal of Florida, First District.
May 16, 1978.
Rehearing Denied June 8, 1978.
Michael J. Minerva, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, Chief Judge.
Appellant, convicted below of disorderly conduct and resisting arrest with violence, disputes here the legality of her arrest for disorderly conduct. The record reveals that *857 the arrest took place when appellant began cursing a Gadsden County Deputy Sheriff who had been sent to accompany appellant's husband to the couple's trailer while he picked up his clothes after a domestic dispute. Appellant contends that her "mere words" were not sufficient to justify a disorderly conduct arrest under the latest Florida Supreme Court decisions construing § 877.03, Florida Statutes (1975).
In White v. State, 330 So.2d 3 (Fla. 1976), the Florida Supreme Court upheld the constitutionality of the disorderly conduct statute with the following limiting construction:
"We hold that mere words, used as a tool of communication, are constitutionally protected. The protection fails only when 1) by the manner of their use, the words invade the right of others to pursue their lawful activities, or 2) by their very utterance, they inflict injury or tend to incite an immediate breach of the peace."
In State v. Morris, 335 So.2d 1 (Fla. 1976), the Court, following White, supra, reversed the disorderly conduct conviction of an appellant who had "use[d] ... profane language to police officers in the presence of other persons." More recently, in State v. Saunders, 339 So.2d 641 (Fla. 1976), the Court limited the application of § 877.03 even further,
"so that it will hereafter only apply either to words which `by their very utterance ... inflict injury or tend to incite an immediate breach of the peace,' White v. State, 330 So.2d at 7; see Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others."
The focus of our inquiry here, then, must revolve around whether appellant's admittedly profane words tended to "incite an immediate breach of the peace." The only evidence presented by the State on this point was that a neighbor of appellant's opened her window during the incident. Other testimony established, however, that the dispute took place in broad daylight at approximately 3:30 in the afternoon, and that it occurred in the yard immediately in front of appellant's own private residence. On these facts, the most that can be said about appellant's epithets is that they were offensive to the deputy who made the arrest and perhaps an object of curiosity to the neighbor who opened her window. Compare Williams v. State, 340 So.2d 498 (Fla. 1 DCA 1976), where this Court upheld a disorderly conduct conviction of a defendant who had banged on an apartment door at 11:30 p.m. and twice created such a disturbance that apartment occupants were forced to call the police. In addition, we find it significant here that the only person who arguably could have been "incite[d to] an immediate breach of the peace" was the deputy who had been sent to the scene to keep the peace.
Appellant's conviction for disorderly conduct is reversed but her conviction under § 843.01, Florida Statutes (1975), for resisting arrest with violence is affirmed. See § 776.051(1), Florida Statutes (1975), and footnote 2 of State v. Saunders, 339 So.2d 641 (Fla. 1976).
SMITH and MELVIN, JJ., concur.