374 So.2d 519 (1979)
Randall Jack CROSS, Appellant,
v.
STATE of Florida, Appellee.
No. 51838.
Supreme Court of Florida.
July 27, 1979.
Rehearing Denied September 21, 1979.
*520 Louis O. Frost, Jr., Public Defender, William P. White, III, Chief Asst. Public Defender, and Clark K. Zolezzi, Jr., Asst. Public Defender, Jacksonville, for appellant.
Jim Smith, Atty. Gen., and Michael H. Davidson, Asst. Atty. Gen., Tallahassee, for appellee.
ALDERMAN, Justice.
Randall Cross appeals his conviction of the crime of disorderly intoxication in violation of section 856.011(1), Florida Statutes.[1] The trial court upheld the constitutionality of this statute as applied to Cross, thereby vesting jurisdiction in this Court pursuant to article V, section 3(b)(1), Florida Constitution. We hold that this statute is constitutional as applied to Cross and affirm his conviction.
Cross was charged by information with being intoxicated and causing a public disturbance, contrary to the provisions of section 856.011(1). The record reveals that while on routine patrol at 2:30 a.m., a deputy sheriff approached Cross and his companion, who were standing on a sidewalk in a commercial district, to inquire into their activity. When questioned by the officer as to the contents of a bag into which he was peering, Cross threw the bag through the window of the police cruiser, striking the officer in the face. After the officer exited the police cruiser, Cross proceeded to loudly and profanely abuse the officer. Several persons were drawn to the scene of the incident by this conduct. After Cross had been seated in the police car, he continued to curse and to threaten the officer personally, telling him repeatedly that he would get him and that he would burn the officer's house with his family in it.
Cross does not attack the facial validity of this statute but only challenges its constitutionality as applied to him under the particular facts of this case. Although conceding that he was intoxicated, Cross alleges that the State's case against him for violation of section 856.011 was based on his utterance of words protected by the first and fourteenth amendments to the Constitution *521 of the United States and article I, section 4, of the Florida Constitution.
We do not agree with Cross that, under the facts of this case, section 856.011(1) was applied to him in an unconstitutional manner so as to intrude upon his first amendment freedom of speech rights. Viewing what happened objectively, rather than from the subjective viewpoint of the particular law enforcement officer who encountered Cross, we conclude that Cross was intoxicated, that his conduct was not protected speech, and that he created a public disturbance. See S.H.B. v. State, 355 So.2d 1176 (Fla. 1978), in which we held:
[M]ere words, when used as a tool of communication, are constitutionally protected. But the protection fails when, by the manner of their use, the words invade the right of others to pursue their lawful activities. As we said in White [White v. State, 330 So.2d 3, 7 (Fla. 1976)]: "It is the degree of loudness, and the circumstances in which they are uttered, which takes them out of the constitutionally protected area." We note that appellant's conduct consisted of more than words  e.g., running through the halls of a school in session, disobeying the lawful and reasonable requests of school officials, and repeated loud utterances. The totality of these acts, in the context in which they were performed, constitutes a willful disturbance of a school by appellant, in violation of Section 871.01, Florida Statutes.
355 So.2d at 1179.
Furthermore, contrary to Cross' assertion, we find that the evidence adduced at trial is sufficient to support his conviction under section 856.011. We have also considered Cross' final point on appeal and find it to be without merit.
Accordingly, the judgment is affirmed.
It is so ordered.
ADKINS and OVERTON, JJ., concur.
ENGLAND, C.J., concurs specially with an opinion.
SUNDBERG, J., concurs in result only.
BOYD, J., dissents with an opinion.
ENGLAND, Chief Justice, concurring specially.
After reading the majority's opinion, I cannot help asking myself why this case should be in our Court to resolve. The majority, I believe, has merely performed an exercise of the most fundamental form of evidential review, of the type properly performable by the district courts of appeal rather than this tribunal.
Having asked myself why, under Florida's present appellate structure, we have provided this form of appellate review without articulating any legal principle of value to the jurisprudence of this state, I found the answer in this Court's decision of Snedeker v. Vernmar, Ltd., 151 So.2d 439 (Fla. 1963), upon which the majority has implicitly relied as the basis for our jurisdiction. Snedeker, which by a four-to-three vote held that this Court should review the validity of statutes "as applied" to individual factual situations, overruled the Court's fourteen-month-old, five-to-two contrary decision on this jurisdictional point in Stein v. Darby, 134 So.2d 232 (Fla. 1961).
Rather than restate the jurisdictional arguments set forth in the majority and dissenting opinions in Snedeker to indicate my concerns, I need only say here that the dissenting opinion of Justice Thomas in Snedeker is by far more compelling to me than the majority's opinion, that we should reevaluate Snedeker in light of what we now know about the appellate processes that have evolved in the past fifteen years, and that a realistic appraisal of contemporaneous jurisprudence in Florida will reveal that Justice Thomas' hypothesized concerns with our taking "as applied" statutory challenges were amazingly farsighted. He pondered:
Rhetorical questions immediately present themselves. Will not a ruling receding from Stein v. Darby, supra, result in all final judgments or decrees, involving the constitutionality of acts of legislature, on whatever ground, coming direct to this Court from trial courts entering *522 them? Will not the cautious lawyer bring all such cases here intending that if for some reason not yet clear this Court prefers not to entertain them they will be transferred under Florida Appellate Rule 2.1(a)(5)(d), 31 F.S.A.? And if some are to be retained and some transferred, will it be done willy-nilly? Of course retention of all such matters in this Court would strip the District Courts of the jurisdiction to pass upon any judgments or decrees of subordinate courts involving the constitutionality of laws. They would be restricted to decisions of constitutional questions originating with them. So there would likely be created the congestion that was said in Ansin v. Thurston, [101 So.2d 808 (Fla. 1958)] to have "prompted" revision of the appellate system.
151 So.2d at 445 (Thomas, J., dissenting).
BOYD, Justice, dissenting.
I respectfully dissent. Randall Jack Cross was convicted in a jury trial of the crime of disorderly intoxication, a misdemeanor in violation of section 856.011(1), Florida Statutes (1975). The trial court, in denying appellant's motions for judgment of acquittal made at the close of the state's case and at the close of all the evidence, passed upon the constitutionality of the statute as applied. Snedeker v. Vernmar, Ltd., 151 So.2d 439 (Fla. 1963); Harrell's Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, 111 So.2d 439 (Fla. 1959). This Court has jurisdiction of the appeal. Art. V, § 3(b)(1), Fla. Const.
The information charged that while intoxicated, the appellant caused a public disturbance "by being belligerent and threatening" the arresting officer. The facts established at trial, their uncertainties seen in the light most favorable to the state, are as follows. Cross and a companion, at 2:30 a.m., were standing on a sidewalk in a commercial district along a four-lane street. Just a short time previously, they had departed from a tavern in the immediate vicinity. A police officer on routine patrol saw that they were standing next to a grocery bag, which stood situated on the sidewalk. Having decided to inquire into their activity, the officer stopped and motioned the two men over to his vehicle. He asked what was in the bag. The appellant responded by thrusting the bag forcefully through the open window of the police car, saying, "Look in it." At about the same time, the appellant began shouting and cursing, expressing his objection to the officer's inquiry. The officer then placed appellant under arrest.
There was testimony from which the jury could have concluded that the appellant was under the influence of alcohol. His words directed toward the policeman were loud and disrespectful. At no time, however, did the officer feel himself to be in any immediate danger of physical harm. The encounter attracted the attention of a small number of people, acquaintances of the appellant, some of whom emerged from the same tavern and inquired what the trouble was. During his trip to the police station, the appellant continued to loudly protest his arrest and to berate the officer, even threatening him with physical harm. He did not resist arrest, however, nor did his conduct interfere with the officer's execution of his intended course of action.
Section 856.011(1), Florida Statutes (1975), provides as follows:
856.011 Disorderly intoxication
(1) No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.
The language of the information suggests that the statute is being applied to the appellant's speech. Because this statute is capable of being applied to speech, and because first amendment freedoms need breathing room to survive, "special rules of decision" must be considered. Spears v. State, 337 So.2d 977, 980 (Fla. 1976).[1] A *523 statute punishing the use of words must be carefully drawn or be authoritatively construed to punish only unprotected speech and not be susceptible of application to protected expression. Gooding v. Wilson, 405 U.S. 518, 522, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972); State v. Beasley, 317 So.2d 750, 753 (Fla. 1975).
The special rules of decision applicable where a statute makes speech punishable as a crime have been developed by this Court in recent years in a number of cases dealing with statutes similar to and related to the statute at issue here. Under our disorderly conduct[2] statute, for example, to participate in an angry altercation with another person, but without creating such commotion as would cause a general disturbance, cannot be penalized. In re Fuller, 255 So.2d 1 (Fla. 1971). Nor can the statute be applied to penalize one who makes threatening comments to a police officer, or uses an intemperate expletive, without causing more than mere annoyance to his listeners. Gonzales v. City of Belle Glade, 287 So.2d 669 (Fla. 1973). To approach people on the street and vehemently attempt to sell them newspapers cannot be punished under section 877.03. State v. Saunders, 339 So.2d 641 (Fla. 1976). Nor can directing profane language at a policeman in the presence of others. Morris v. State, 335 So.2d 1 (Fla. 1976).
On the other hand, section 877.03 does reach the conduct of one who engages in sexual activity in a parked automobile. State v. Magee, 259 So.2d 139 (Fla. 1972). To scream at the top of one's lungs in a police office, interfering with others in their lawful pursuits, can also be penalized. White v. State, 330 So.2d 3 (Fla. 1976). Expression that creates a clear and present danger of a breach of the peace, with resultant likelihood of danger to persons and property, can be punished as well. Bradshaw v. State, 286 So.2d 4 (Fla. 1973). In those cases where section 877.03 is applied to speech, as the decision in White makes clear, the protection of speech "fails only when 1) by the manner of their use, the words invade the right of others to pursue their lawful activities or 2) by their very utterance, they inflict injury or tend to incite an immediate breach of the peace." Having placed this limiting construction on section 877.03, the Court in White held it to be constitutional. The use of the overbreadth and limiting judicial construction doctrines, as illustrated by these decisions, sheds light on the problem we deal with here.
The doctrine of limiting judicial construction was utilized in State v. Mayhew, 288 So.2d 243 (Fla. 1973). At issue there was a prosecution for the use of profane, vulgar, and indecent language in a public place under section 847.04, Florida Statutes (1971). This Court quoted extensively from *524 the case of Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), including the following passage:
There are certain well-defined and narrowly limited classes of speech, the prevention and punishment of which has never been thought to raise any Constitutional problem. These include the lewd and obscene, the profane, the libelous, and the insulting or "fighting" words  those which by their very utterance inflict injury or tend to incite an immediate breach of the peace. It has been well observed that such utterances are no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality.
Id. at 571-2, 62 S.Ct. at 769 (footnotes omitted). The Court then proceeded to provide a narrowing judicial construction to section 847.04, limiting its proscription to the use of language that "would necessarily incite a breach of the peace."[3]
The statute at issue in the instant case was construed in State v. Holden, 299 So.2d 8 (Fla. 1974). It was held not to be vague in that it gives a sufficiently definite warning of what is proscribed. It was also held not to constitute an improper delegation of legislative discretion to police officials. Finally, it was held to be free of overbreadth problems and confined to situations in which the state may penalize speech as it can other conduct. The two elements that justify application of the statute as limited are set out in Sears v. State, 319 So.2d 69 (Fla. 2d DCA 1975). It was held there that an arrest could not be justified on the basis of a violation of the disorderly intoxication statute because "the record is devoid of evidence that appellant was causing a public disturbance or endangering the safety of another person or property."
On its face, the disorderly intoxication statute might be deemed susceptible of application to protected expression. For it is entirely possible for an intoxicated person, or a person in the process of consuming an alcoholic beverage in public or on a public conveyance, to utter words which "disturb" members of the public, but which are nevertheless protected expression under the first amendment to the United States Constitution and article I, section 4, Florida Constitution. As authoritatively construed, however, the statute applies only in two kinds of situations, once the element of intoxication or public consumption is satisfied: (1) where the accused by words or conduct interferes with the liberty of others in pursuing their lawful activities;[4] (2) where the accused endangers persons or property, either by acts or by uttering words that would tend to provoke an immediate breach of the peace. I conclude from the record that there is no evidentiary basis for a conclusion that either of these elements was established in the case at bar. The statute should not be applied here. See B.A.A. v. State, 356 So.2d 304 (Fla. 1978).
I recognize that Cross's conduct, which was indeed disorderly, might well be punishable under the some existing or permissible penal statute. Under a law forbidding abusive or threatening speech, properly drawn so as to come within the "fighting words" exception, it might well be a proper jury question whether the appellant's utterances were "fighting words."[5] But there is no evidence that the acts committed or words spoken caused or would tend to cause danger to "the safety of another person or property" or created "a public disturbance."
*525 I would reverse the judgment and remand with directions that the appellant be discharged.
NOTES
[1] Section 856.011(1), Florida Statutes (1975), provides:

No person in the state shall be intoxicated and endanger the safety of another person or property, and no person in the state shall be intoxicated or drink any alcoholic beverage in a public place or in or upon any public conveyance and cause a public disturbance.
[1] In Spears, this Court held § 847.05, Fla. Stat. (1975), unconstitutional for overbreadth, saying,

Overbroad statutes create the danger that a citizen will be punished as a criminal for exercising his right of free speech. If this possibility were the only evil of overbroad statutes, it might suffice to review convictions on a case by case basis. But the mere existence of statutes and ordinances purporting to criminalize protected expression operates as a deterrent to the exercise of the rights of free expression, and deters most effectively the prudent, the cautious and the circumspect, the very persons whose advice we seem generally to be most in need of.
The statutory language at issue was "Any person who shall publicly use or utter any indecent or obscene language shall be guilty of a misdemeanor... ." We concluded:
If appellant abused a particular person with these vulgarities, intending to incite him to violence, her profanity might have been punished as fighting words under a carefully drawn statute. See Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). The conviction under review cannot stand, however, because of the indiscriminate reach of Section 847.05, Florida Statutes (1975).
[2] Section 877.03, Florida Statutes (1977) provides:

Breach of the peace; disorderly conduct. Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
[3] In Brown v. State, 358 So.2d 16 (Fla. 1978), the Court receded from the Mayhew decision on the ground that the open profanity statute did not contain words to support the judicial restructuring, and struck the statute down. The Brown court thus agreed with the Mayhew court that as written the statute was unconstitutionally overbroad.
[4] See S.H.B. v. State, 355 So.2d 1176 (Fla. 1978), upholding section 871.01, Florida Statutes (1975), the language of which limits the scope of the offense therein defined so as to require a showing of interference with others in the exercise of their right to assemble.
[5] But see Morris v. State, 335 So.2d 1 (Fla. 1976); White v. State, 330 So.2d 3 (Fla. 1976); Phillips v. State, 314 So.2d 619 (Fla.App. 1975).