381 So.2d 1097 (1979)
D.C.E., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. LL-213.
District Court of Appeal of Florida, First District.
October 26, 1979.
Rehearing Denied November 30, 1979.
*1098 Michael J. Minerva, Public Defender, and Carl S. McGinnes and Margaret Good, Asst. Public Defenders, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and Lee Mandell, Asst. Atty. Gen., Tallahassee, for appellee.
ROBERT P. SMITH, Jr., Judge.
D.C.E., a minor, appeals from a circuit court order of adjudication that he is a delinquent because he committed disorderly conduct, contrary to a Pensacola municipal ordinance, and possessed alcoholic beverages contrary to Section 562.111, Florida Statutes (1977). Appellant contends (1) the delinquency petition was insufficient to vest the circuit court with subject matter jurisdiction; (2) the disorderly conduct adjudication was an unconstitutional application of the Pensacola ordinance to protected speech; and (3) the evidence of appellant's possession of alcoholic beverages was seized as the result of an illegal stop.
D.C.E., 17 years of age, leaned from the rear window of a car at a busy intersection and shouted "f____ pigs" three times at police officers stopped in traffic at the same intersection. An officer observed appellant drinking what later proved to be a rum drink. Several persons at the intersection turned to see what the commotion was, but when the light changed, traffic moved on without incident. The proprietors and customers of nearby businesses did not seem aware of appellant's behavior. Within half a block the police stopped the vehicle in which appellant was riding, observed a bottle of rum in plain view on the front floor-board, then found glasses containing rum drinks and smelled the odor of alcohol on appellant's breath.
The circuit court had jurisdiction of the delinquency petition. Section 39.02, Florida Statutes (1977). Whether or not violation of the Pensacola disorderly conduct ordinance was an offense on which a delinquency judgment could depend  appellant argues not, because that violation "would [not] be a misdemeanor or a felony if committed by an adult," Sections 39.01(27), (10), 775.08, Florida Statutes (1977)  the circuit court had jurisdiction to decide that issue. Disposing of the disorderly conduct issue on another ground, we need not decide whether the circuit court, having jurisdiction, correctly decided the question first mentioned.
The court also had jurisdiction to decide whether unlawful possession of alcoholic beverages by a minor "would be a misdemeanor or a felony if committed by an adult," and the court correctly decided that the offense was a misdemeanor qualifying as the basis for a delinquency judgment. Sections 562.11, 562.45. The case is not changed by the fact that an adult could not commit the offense of possession "by a minor" of alcoholic beverages.
Appellant urges that his adjudication of delinquency for disorderly conduct under the city ordinance[1] was improper *1099 because his "mere words" were within the ambit of constitutionally protected speech. Amendment I, United States Constitution; Article I, Section 4, Florida Constitution. We agree. D.C.E.'s words cannot be characterized either as "fighting words" which "by their very utterance ... inflict injury or tend to incite an immediate breach of the peace", White v. State, 330 So.2d 3 at 7 (Fla. 1976), or as a "false report" likely to create "a clear and present danger of bodily harm to others." State v. Saunders, 339 So.2d 641 at 644 (Fla. 1976). See also, Harbin v. State, 358 So.2d 856 (Fla. 1st DCA 1978); Clanton v. State, 357 So.2d 455 (Fla. 2d DCA 1978). Further, the evidence does not support a finding that D.C.E.'s words, by the manner of their use, invaded the rights of others to pursue their lawful activities to such an extent as to take the words out of the constitutionally protected area. Contrast S.H.B. v. State, 355 So.2d 1176 (Fla. 1977); Cross v. State, 374 So.2d 519 (Fla. 1979). The adjudication of delinquency for disorderly conduct based upon D.C.E.'s use of protected words constitutes an unconstitutional application of Pensacola municipal ordinance 122-16.1, and it is accordingly reversed.
Appellant finally asserts the officers were unjustified, by Fourth Amendment standards, in stopping the car, which led to their observation of the rum bottle and their detection of an alcohol odor on appellant's breath. We disagree. Officers may stop and briefly detain an automobile and its occupants when the circumstances create "at least an articulable and reasonable suspicion" that an occupant has violated the law. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Appellant's unprovoked and obscene verbal attack on the police was constitutionally protected or not depending on all the circumstances. E.g., Cross v. State, supra, in which intoxication was an element, among others, removing the constitutional protection from speech which might otherwise have been privileged. Given the circumstances here, the officers had at least a reasonable suspicion that appellant had violated the municipal ordinance, and that a further inquiry, by stopping the car, was appropriate. Having the right to stop the car, the officers were privileged to observe the rum bottle, then to confirm appellant's possession and consumption of the alcohol.
Because the single adjudication of delinquency was based on conclusions of law which were erroneous in part, the order of adjudication is REVERSED and cause REMANDED for further proceedings.
MILLS, Chief Judge, concurs in part and dissents in part, and would affirm.
ERVIN, J., concurs in the judgment of reversal and dissents in part.
MILLS, Chief Judge, concurring in part and dissenting in part:
I concur in part and dissent in part. I would affirm the trial court's order in all respects.
I agree with Judge Smith's opinion that the trial court had jurisdiction of the delinquency petition and that the officers were justified in stopping the car in which D.C.E. was a passenger because they were justified under the circumstances in having a reasonable suspicion that the municipal ordinance was being violated.
I disagree with Judges Smith and Ervin that the defendant's unprovoked and obscene language was constitutionally protected. There is no doubt in my mind that defendant's words were fighting words which by their utterance inflicted injury and tended to incite an immediate breach of the peace. White v. State, supra.
ERVIN, Judge, dissenting and concurring.
I agree in all respects with the majority's opinion except that portion upholding the delinquency adjudication as to the possession of alcoholic beverages. In my judgment the facts do not demonstrate that the *1100 intrusion, i.e., the stop of the car, was justified and, since the officer had no right to be where he was, cf. State v. Ashby, 245 So.2d 225, 227 (Fla. 1971), he had no right, on the theory of plain view, to seize the rum bottle seen by him within the car.
A stop of an automobile on grounds less than probable cause is a seizure, and the Fourth Amendment applies to determine whether the intrusion is reasonable. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 1396, 59 L.Ed.2d 660 (1979). Thus, when grounds other than probable cause are relied upon to justify the reasonableness of the particular law enforcement action, the act is judged by balancing the reasonableness of the intrusion on the individual's Fourth Amendment privacy interests against the promotion of legitimate governmental interests. Id. Before the officer is authorized to stop, his observations should lead him reasonably to suspect that the occupants of the particular vehicle are violating the laws or that the vehicle is being operated in violation of the laws. United States v. Brignoni-Ponce, 422 U.S. 873, 881, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); Delaware v. Prouse, supra. And, he must be "aware of specific articulable facts, together with rational inferences from those facts, that reasonably warrant suspicion" of such illegality. United States v. Brignoni-Ponce, supra, 422 U.S. at 884, 95 S.Ct. at 2582. Finally, when a court evaluates the reasonableness of the conduct on grounds less than probable cause, the circumstances must be judged by an objective standard: "[W]ould the facts available to the officer at the moment of the seizure ... `warrant a man of reasonable caution in the belief' that the action taken was appropriate?" Terry v. Ohio, 392 U.S. 1, 22, 88 S.Ct. 1868, 1880, 20 L.Ed.2d 889 (1968).
Applying the above test to the instant facts, would the utterance of the epithet by the delinquent have warranted a man of reasonable caution in the belief that it was necessary to stop the vehicle upon the ground that the words used were a violation of the disorderly conduct ordinance? I suggest that the present circumstances do not meet that test.
The majority's opinion rightfully, I think, states that the municipal ordinance is unconstitutional as applied to the manner in which the words were used by D.C.E., yet on the other hand holds that "the officers had at least a reasonable suspicion that appellant had violated the municipal ordinance, ... ." Ante at 1099. Were this a case of first impression I might be inclined to agree, but disorderly conduct ordinances and similar laws affecting speech have been narrowly limited by the courts of this state for the past several years. For example, in City of St. Petersburg v. Waller, 261 So.2d 151, 158-159 (Fla. 1972), the Florida Supreme Court, relying upon Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942), stated that a defendant's conduct may violate a city ordinance proscribing verbal abuse of a police officer when limited only to words having a direct tendency to cause acts of violence. However, "[m]ere displeasure, annoyance or resentment is not sufficient." Id. at 158. More recently the court upheld Section 877.03, prohibiting conduct involving breaches of peace and disorderly conduct, by narrowing its provisions to circumstances where the verbal conduct tended to inflict injury or to incite an immediate breach of the peace. White v. State, 330 So.2d 3 (Fla. 1976). And, before a conviction could be sustained, the state must show more than that the words used were offensive to a part of the general population. Id. at 7. Only last year the court struck down as facially unconstitutional Section 847.04, making illegal the use of profane, vulgar and indecent language, because of the absence of any provision in the statute limiting its application to fighting words directed to another as mandated by Chaplinsky v. New Hampshire, supra. Brown v. State, 358 So.2d 16 (Fla. 1978).
The above decisions, as well as those cited in the majority opinion, relating to protected speech, were decided some period of time before the alleged delinquent acts occurred; as a result, I do not think it behooves us to excuse the officer's illegal conduct on "reasonable suspicion" grounds. One may reasonably conclude that the officer's sensitivities were offended by the indelicate language *1101 used by the delinquent. The coarse and crude words themselves might well offend a substantial portion of the general population. Still, such verbal injuries cannot serve as justification for seizure of the delinquent. The detaining officer must be charged with knowledge of the laws he seeks to enforce. He either knew or should have known that the delinquent's conduct was protected. There may be circumstances, although I cannot now conceive of any, where the officer's ignorance of the law may nevertheless permit his seizure of the defendant on founded suspicion principles, and serve as a justification for the levying of other charges. I think, however, when we balance the reasonableness of the intrusion upon the individual's First and Fourth Amendment interests against the promotion of governmental interests, the former must prevail over the latter and the intrusion declared unreasonable. If the officer had no reasonable belief that the law was violated, then clearly he could not seize articles seen by him in plain view if the officer saw them in a place where he had no legal right to be. Compare Delaware v. Prouse, supra; Coladonato v. State, 348 So.2d 326 (Fla. 1977); Mullins v. State, 366 So.2d 1162 (Fla. 1978). See also Keenan v. State, 372 So.2d 1012 (Fla. 1st DCA 1979).
I would reverse the adjudication of delinquency in its entirety.
NOTES
[1] Pensacola municipal ordinance Section 122 16.1, Disorderly Conduct, provides:

A Disorderly Conduct: A person, shall be guilty of disorderly conduct if, with a purpose to cause a breach of the peace, public danger, disorder or nuisance, or with the knowledge that he is likely to create such breach of the peace, public danger, disorder or nuisance, he:
.....
4. Addresses profane, obscene, or abusive language or threats of violence to any person present so as to create a clear and present danger of violence.