ROBERT P. SMITH, Jr., Judge.
D. C. E., a minor, appeals from a circuit court order of adjudication that he is a delinquent because he committed disorderly conduct, contrary to a Pensacola municipal ordinance, and possessed alcoholic beverages contrary to Section 562.111, Florida Statutes (1977); Appellant contends (1) the delinquency petition was insufficient to vest the circuit court with subject matter jurisdiction; (2) the disorderly conduct adjudication was an unconstitutional application of the Pensacola ordinance to protected speech; and (3) the evidence of appellant’s possession of alcoholic beverages was seized as the result of an illegal stop.
D. C. E., 17 years of age, leaned from the rear window of a car at a busy intersection and shouted “f_pigs” three times at police officers stopped in traffic at the same intersection. An officer observed appellant drinking what later proved to be a rum drink. Several persons at the intersection turned to see what the commotion was, but when the light changed, traffic moved on without incident. The proprietors and customers of nearby businesses did not seem aware of appellant’s behavior. Within half a block the police stopped the vehicle in which appellant was' riding, observed a bottle of rum in plain view on the front floorboard, then found glasses containing rum drinks and smelled the odor of alcohol on appellant’s breath.
The circuit court had jurisdiction of the delinquency petition. Section 39.02, Florida Statutes (1977). Whether or not violation of the Pensacola disorderly conduct ordinance was an offense on which a delinquency judgment could depend — appellant argues not, because that violation “would [not] be a misdemeanor or a felony if committed by an adult,” Sections 39.-01(27), (10), 775.08, Florida Statutes (1977) —the circuit court had jurisdiction to decide that issue. Disposing of the disorderly conduct issue on another ground, we need not decide whether the circuit court, having jurisdiction, correctly decided the question first mentioned.'
The court also had jurisdiction to decide whether unlawful possession of alcoholic beverages by a minor “would be a misdemeanor or a felony if committed by an adult,” and the court correctly decided that the offense was a misdemeanor qualifying as the basis for a delinquency judgment. Sections 562.11, 562.45. The case is not changed by the fact that an adult coulfl not commit the offense of possession “by a minor” of alcoholic beverages.
Appellant urges that his adjudication of delinquency for disorderly conduct under the city ordinance[1] was improper *1099 because his “mere words” were within the ambit of constitutionally protected speech. Amendment I, United States Constitution; Article I, Section 4, Florida Constitution. We agree. D. C. E.’s words cannot be characterized either as “fighting words” which “by their very utterance . . . inflict injury or tend to incite an immediate breach of the peace”, White v. State, 330 So.2d 3 at 7 (Fla.1976), or as a “false report” likely to create “a clear and present danger of bodily harm to others.” State v. Saunders, 339 So.2d 641 at 644 (Fla.1976). See also, Harbin v. State, 358 So.2d 856 (Fla. 1st DCA 1978); Clanton v. State, 357 So.2d 455 (Fla. 2d DCA 1978). Further, the evidence does not support a finding that D. C. E.’s words, by the manner of their use, invaded the rights of others to pursue their lawful activities to such an extent as to take the words out of the constitutionally protected area. Contrast S. H. B. v. State, 355 So.2d 1176 (Fla.1977); Cross v. State, 374 So.2d 519 (Fla.1979). The adjudication of delinquency for disorderly conduct based upon D. C. E.’s use of protected words constitutes an unconstitutional application of Pensacola municipal ordinance 122-16.1, and it is accordingly reversed.
Appellant finally asserts the officers were unjustified, by Fourth Amendment standards, in. stopping the car, which led to their observation of the rum bottle and their detection of an alcohol odor on appellant’s breath. We disagree. Officers may stop and briefly detain an automobile and its occupants when the circumstances create “at least an articulable and reasonable suspicion” that an occupant has violated the law. Delaware v. Prouse, 440 U.S. 648, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979). Appellant’s unprovoked and obscene verbal attack on the police was constitutionally protected or not depending on all the circumstances. E. g., Cross v. State, supra, in which intoxication was an element, among others, removing the constitutional protection from speech which might otherwise have been privileged. Given the circumstances here, the officers had at least a reasonable suspicion that appellant had violated the municipal ordinance, and that a further inquiry, by stopping the car, was appropriate. Having the right to stop the car, the officers were privileged to observe the rum bottle, then to confirm appellant’s possession and consumption of the alcohol.
Because the single adjudication of delinquency was based on conclusions of law which were erroneous in part, the order of adjudication is REVERSED and cause REMANDED for further proceedings.
MILLS, Chief Judge, concurs in part and dissents in part, and would affirm.'
ERVIN, J., concurs in the judgment of reversal and dissents in part.

. Pensacola municipal ordinance Section 122-16.1, Disorderly Conduct, provides:
A. Disorderly Conduct: A person, shall be guilty of disorderly conduct if, with a purpose to cause a breach of the peace, public danger, disorder or nuisance, or with the knowledge that he is likely to create such breach of the peace, public danger, disorder or nuisance, he:

. Addresses profane, obscene, or abusive language or threats of violence to any person present so as to create a clear and present danger of violence.