MILLS, Judge.
C.J.R. appeals from an adjudication of delinquency, contending the trial court erred in finding him guilty of disorderly conduct and of carrying a concealed weapon. We affirm.
While police officers of the City of Jasper were investigating an accident involving C.J.R.’s car, C.J.R. began “cussing ... in an extremely loud voice.” Officer Goff asked him to calm down or he would be forced to arrest him for disorderly conduct. C.J.R. refused to alter his conduct. He continued cursing, using words such as “fuck this shit.” He called the officer a “mother fucker.” He indicated that he had no intention of cooperating with the officer. While C.J.R. engaged in this conduct, the officer was unable to operate the breathalyzer machine and could not continue his work. C.J.R. was handcuffed to a chair and while in this position an officer noticed a bulge in his shirt. “Num-chucks” were removed and were the basis of the charge of carrying a concealed weapon.
“Fuck this shit ..., you mother fucker.”
Fighting words?
Inflict injury?
Tend to incite an immediate breach of peace?
Yes!
Protected by the First Amendment?
Permissible free speech?
Condoned by White v. State, 330 So.2d 3 (Fla.1976)?
No!
*754 There is no doubt in our minds that C.J. R.’s words were fighting words which by their utterance inflicted injury and tended to incite an immediate breach of the peace. In our judgment, C.J.R.’s unprovoked, obscene language is not constitutionally protected under the circumstances of this case. White v. State, supra.
We are convinced that our founding fathers did not mean for the First Amendment to protect the type of profanity C.J.R. directed at the officer who was carrying out his official duties. We refuse to place such a construction on “free speech.” We refuse to make the First Amendment say that which it does not say and did not intend to say. No one should be subjected to such obscene, disrespectful language. Not only is the language used here socially unacceptable, but it is legally unacceptable.
The officer finally arrested C.J.R. because C.J.R.’s conduct hindered and interrupted his investigation of the incident in which C.J.R.’s car was involved. This was proper and necessary. The loudness and circumstances in which the obscene language was used remove the language from First Amendment protection. White v. State, supra. C.J.R. was guilty of disorderly conduct.
Although it might be contended that the language used by the minor defendant in D.C.E. v. State, 381 So.2d 1097 (Fla. 1st DCA 1979), is similar to that used by the minor defendant in this ease, not so. The language used by C.J.R. is more obscene than that used by D.C.E. Compare D.C.E., “fucking pigs,” with C.J.R., “fuck this shit ... you mother fucker.” Also, the circumstances are totally different. In this case, the officer was precluded from carrying out his official duties. Not so in D.C.E. v. State, supra.
The writer of this opinion wrote the dissenting opinion in D.C.E. He has not changed his opinion since writing the dissent nor does he contemplate doing so within the foreseeable future.
The writer of this opinion is surprised that the dissenting opinion states that the majority opinion does not adhere to stare decisis. This statement is inaccurate. See White v. State, supra.
The writer joins with the dissent in expressing concern that the doctrine of stare decisis is being ignored often by the panels of this Court. This is unfair to litigants and their attorneys and must be remedied. We Judges are the only ones who can correct this unfortunate situation. Will we meet the challenge? Will we do the job?
The trial court concluded that C.J.R. violated Section 790.01(1), Florida Statutes (1981), by carrying concealed “num-chucks” which were deadly weapons. There was competent substantial evidence before the trial court to support its conclusion that the “num-chucks” concealed by C.J.R. in his shirt were “deadly weapons” as prohibited by Section 790.01(1). One of the investigating officers testified that “num-chucks” could be lethal if someone knew how to use them. The court also had before it evidence revealing that C.J.R. had practiced with them and apparently knew how to use them, because after he was in custody and handcuffed he threatened to beat the officers with them. C.J.R. was guilty of carrying a concealed weapon.
We affirm.
BOOTH, J., concurs.
ERVIN, J., concurs and dissents with opinion.