# STATE OF FLORIDA v ALBANESE

Case No. CTC86-806-C

County Court, Volusia County

June 13, 1986

**APPEARANCES OF COUNSEL**

**Ben Fox,** Assistant State Attorney, for plaintiff.
**Kenneth Sills** for defendant.

### OPINION OF THE COURT

NORTON JOSEPHSON, County Judge.

THIS CAUSE came on to be heard on the Defendant's Motion to Dismiss and Motion to Suppress.

The facts of this case are as follows:

On October 22, 1985 at 9:00 o'clock a.m., the defendant and three other youths were seen near the north side of the Joyland Arcade on the boardwalk in Daytona Beach. Just North of this location is a wide open area which can be classified as a public park. To the rear of the North side of the Joyland Arcade building is a double door that was locked. The Joyland Arcade was closed but was scheduled to open within an hour.

Officers Caruso and Overby approached the four youths and asked for identification. Three of the youths complied with the officer's request, but the defendant refused to identify himself, claiming he knew his rights and used profanity towards the police officers. (Uttering profanity towards a police officer, alone, is insufficient to warrant an arrest.) See *Harbin v. State*, 358 So.2d 856).

One of the officers then walked behind the defendant, observed a bulge in his rear pocket and extracted a "pocket knife", whereupon the defendant was charged with carrying a concealed weapon and loitering and prowling.

The thrust of the defendant's motion to dismiss is that the object seized by the police officer was a common pocket knife and therefore not a weapon as defined in Section 790.001(13) Florida Statutes.

The court has examined the object seized by the police officer and finds that it fits the definition found in Webster's New International Dictionary, Second Edition, as being "a knife with a blade or blades folding into the handle t fit it for being carried in the pocket". A pocket knife is not per se lawful. Neither is it per se unlawful as it depends on the facts of each case and whether it was used or was carried for use as a weapon. (*State of Florida v. A.D.H.*, 429 So.2d 1316; Attorney General's Opinion 051-105, May 7, 1951)

Therefore, the defendant's Motion to Dismiss the Count charging the defendant with carrying a concealed weapon is denied for the reason that there is a question of fact to determine whether the knife was intended to be used as a weapon.

However, the Court finds merit in the defendant's motion to suppress upon the grounds that the knife was illegally seized.

The only two statutes that would authorize the police officer to require the defendant to identify himself is found in Section 856.021,

**67**

(loitering and prowling) and Section 901.151 Florida Statutes (stop and frisk law).

In both statutes there must be "circumstances that warrant a justifiable and reasonable alarm or immediate concern for the safety of a person or property in the vicinity". (Florida Statutes 856.021), or "under circumstances which reasonably indicate that such person has committed, is committing, is about to commit a violation of the criminal laws of this State". (Florida Statutes 901.151)

With reference to loitering and prowling, such act must be "at a time and in a manner not usual for law abiding individuals" to be. The State must establish that the defendant engaged in incipient criminal behavior which law abiding people do not usually engage in due to the time, place or manner of conduct involved. (See *D.A. v. State*, 471 So. 2d 147)

Notwithstanding the police officer's assertion that the boardwalk is a high crime area, merely "hanging out" at 9:00 a.m., in the morning in an area wide open to the public view where pedestrians and tourists walk the boardwalk, does not constitute incipient criminal behavior on the part of the defendant. There must be an imminent breach of the peach or an imminent threat to public safety. (*D.A. v. State*, supra)

In order to arrest a person for violation of the loitering and prowling statute, the arresting officer must have probable cause to believe that the offense has been committed (*Springfield v. State*, 481 So.2d 975). To this end, in order to justify an arrest, "the police officer must be able to point to *specific and articulable facts*, which taken together with rational inferences from these facts, reasonably warrant" a finding that a breach of the peace is imminent or the public safety is threatened. (*State v. Ecker*, 311 So.2d 104)

There being no specific or articuable facts shown by the police officer, there was no justification by them to ask for the identification of the defendants. The loitering and prowling count therefore cannot stand.

As to the frisking of the defendants, Statute 901.151 Florida Statutes, states that the police officer must have "probable cause" to believe that the defendant is armed with a dangerous weapon and therefore offers a threat to the safety of the officer.

Here, the police officer had no probable cause to believe that the defendant was armed. The defendant made no threats of violence or acted in a belligerent manner other than to assert his rights as a private citizen not to be required to identify himself.

68

Once again, there are those who would complain that a criminal was let go. But to quote Judge Mills in *Wilson v. State*, 403 So. 2d 983:

"Too often the courts are held responsible for turning criminals loose on society when the responsibility should be properly placed on law enforcement officials who fail to adhere to reasonable foreseeable limitations on their conduct."

IT IS THEREFORE,

ORDERED AND ADJUDGED that the defendant's Motion to Suppress the pocket knife found on the defendant is hereby granted.

DONE, ORDERED AND ADJUDGED in Chambers at the County Courthouse Annex, 125 East Orange Avenue, Daytona Beach, Volusia County, Florida this 13th day of June, 1986.