489 So.2d 891 (1986)
James Bishop DELANEY, Appellant,
v.
STATE of Florida, Appellee.
No. BF-281.
District Court of Appeal of Florida, First District.
June 13, 1986.
Michael E. Allen, Public Defender, Kenneth D. Driggs, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Lawrence Kaden, Asst. Atty. Gen., and Kurt L. Barch, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Appellant, defendant below, appeals his convictions of disorderly conduct and battery on a law enforcement officer. We affirm both convictions for the reasons stated below.
The record in this case indicates that on October 26, 1984, appellant and a friend, Mr. Cassels, were in a Pensacola grocery store when they encountered Cassels' landlord, Mr. Whitworth. Cassels and Whitworth began arguing and when appellant attempted to stop the argument, he was hit in the eye by a punch which Whitworth had apparently intended for Cassels. Appellant asked the store manager to call the police, and while Cassels and Whitworth carried their scuffle outside, appellant remained in the store to finish making his purchases. By the time appellant left the store, Sheriff Deputies Sidoti and Way had arrived and were trying to separate Cassels and Whitworth in the parking lot.
According to Deputy Sidoti, after he had broken up the fight, he attempted to investigate the situation between Cassels and Whitworth, but was continually interrupted by appellant's demands that Sidoti listen to his version of the events. Sidoti testified that appellant attracted attention by becoming loud and abusive, that he was getting in Sidoti's way and interrupting with what he was doing and that when Sidoti asked him to cooperate, appellant refused to do so. When appellant responded to Sidoti's attempts to subdue him by calling him a "fucking Yankee," Sidoti placed him under arrest for disorderly conduct. After the initial arrest appellant was taken to the Sheriff's car by Officer Way where his hands were placed on the car's roof. At that point appellant turned around, struck Officer Way in the jaw, and began running away. He was tackled by Sidoti and was *892 additionally charged with battery on a law enforcement officer and resisting arrest with violence.
Appellant was eventually charged by information with disorderly conduct and battery on a law enforcement officer. He was found guilty after a bench trial and was placed on one year's supervised probation. On appeal to this court, appellant raises the following two issues: (1) that there was a lack of probable cause to arrest him for disorderly conduct, and (2) assuming a lack of probable cause for the initial arrest, that the conviction for battery on a law enforcement officer should not be allowed to stand. We affirm as to both issues.
As to the first issue, section 877.03, Florida Statutes, defines disorderly conduct as follows:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree... .
Since this statute could in certain situations infringe upon the right to free speech, the court has limited its application to verbal conduct which falls outside the scope of constitutionally protected speech. The first such limitation by the Florida Supreme Court was stated in White v. State, 330 So.2d 3 (Fla. 1976), in which the court stated:
We hold that mere words, used as a tool of communication, are constitutionally protected. The protection fails only when (1) by the manner of their use, the words invade the right of others to pursue their lawful activities, or (2) by their very utterance, they inflict injury or tend to incite an immediate breach of the peace.
330 So.2d at 7 (emphasis supplied). In State v. Saunders, 339 So.2d 641 (Fla. 1976), the supreme court further limited section 877.03 by holding that it applied only to (1) "fighting words," or (2) words such as shouts of "fire" in a crowded theater. 339 So.2d at 644.
Appellant argues that the epithets which gave rise to the first arrest were constitutionally protected speech which would support neither an arrest nor a conviction for disorderly conduct under section 877.03. We agree that the verbal epithets, taken alone, would most likely not have constituted a violation of section 877.03. See D.C.E. v. State, 381 So.2d 1097 (Fla. 1st DCA 1979). In that case, a juvenile was convicted of disorderly conduct for leaning out of a car window and yelling "fucking pigs" three times at a policeman. This court reversed the conviction and held that the defendant's "mere words" were within the scope of constitutionally protected speech. However, the appellant's conduct in the instant case involved more than mere epithets. The evidence indicates that he precluded Officer Sidoti from investigating the fight between the two suspects by being loud and abusive, continually interrupting Sidoti's investigation, demanding that he take a report from him first, yelling obscenities at Officer Sidoti, and ignoring Sidoti's request to wait his turn. Since appellant's conduct consisted of more than his arguably "protected" speech, the officer had probable cause to arrest appellant and the conviction should stand. See C.J.R. v. State, 429 So.2d 753 (Fla. 1st DCA 1983).
Second, appellant argues that, since the officers did not have probable cause to arrest him for disorderly conduct, they were not engaged in the lawful performance of their duties and, thus, the conviction for battery on a law enforcement officer was improper. We disagree. Even if the underlying arrest had been invalid, this court has held that a defendant is not justified in using force to resist an unlawful arrest (pursuant to sections 843.01 and 776.051(1), Florida Statutes) or in committing a battery to resist an unlawful arrest (pursuant to section 784.07, Florida Statutes). Meeks v. State, 369 So.2d 109 (Fla. *893 1st DCA 1979). See also State v. Johnson, 382 So.2d 866 (Fla. 2d DCA 1980).
Accordingly, the convictions for disorderly conduct and battery on a law enforcement officer are hereby affirmed.
BOOTH, C.J., and WIGGINTON, J., concur.