BARFIELD, Judge.
K.Y.E. a child, appeals from a judgment and sentence for breach of the peace and obstructing or opposing a police officer without violence. She asserts that her speech and conduct, which provided the basis for her arrest for breach of the peace, were protected by the First Amendment of the United States Constitution. She also asserts that, as a result of her illegal arrest for breach of the peace, her arrest for obstructing or opposing a police officer without violence was invalid. We agree and reverse both convictions.
The testimony at the bench trial established that the child continually sang, “Fuck the police,” after she repeatedly interrupted an officer’s conversation with another individual and retreated to the front porch of her home at a second officer’s direction. According to the second officer’s testimony, he arrested the child because her singing could be heard across the street where adults and children were gathered. However, the record discloses no evidence that the child’s singing evoked a response tending to inflict injury or incite an immediate breach of the peace.[1] The child’s speech, while annoying and offensive to the arresting officer, at best contributed to attracting a group of curious onlookers, but she did not breach the peace.[2] Under these circumstances, we conclude that her speech and conduct fell within the protections afforded by the First Amendment.
Because we reverse the conviction for breach of the peace, we must also reverse the conviction for obstructing or opposing an officer without violence. While the illegality of the underlying arrest is no defense to resisting the arrest with force or violence, Blake v. State, 433 So.2d 611 (Fla. 1st DCA 1983), section 776.051, Florida Statutes (1989), the common law rule still remains that a person may lawfully resist an illegal arrest without using any force or violence. Smith v. State, 399 So.2d 70 (Fla. 5th DCA 1981); Davis v. State, 381 So.2d 285 (Fla. 1st DCA 1980); Morley v. State, 362 So.2d 1013 (Fla. 1st DCA 1978); Lowery v. State, 356 So.2d 1325 (Fla. 4th DCA 1978); Marshall v. State, 354 So.2d 107 (Fla. 2d DCA 1978).
Accordingly, we REVERSE the conviction for breach of the peace and the conviction for obstructing or opposing an officer without violence.
ERVIN and WENTWORTH," JJ., concur.

. See State v. Saunders, 339 So.2d 641 (Fla.1976); L.J.M. v. State, 541 So.2d 1321 (Fla. 1st DCA), review denied, 549 So.2d 1014 (Fla.1989); W.M. v. State, 491 So.2d 335 (Fla. 3d DCA 1986); Delaney v. State, 489 So.2d 891 (Fla. 1st DCA 1986); C.J.R. v. State, 429 So.2d 753 (Fla. 1st DCA), review denied, 440 So.2d 351 (Fla.1983).

. See e.g., D.C.E. v. State, 381 So.2d 1097 (Fla. 1st DCA 1979), cert. denied, 386 So.2d 635 (Fla.1980); Harbin v. State, 358 So.2d 856 (Fla. 1st DCA 1978); Clanton v. State, 357 So.2d 455 (Fla. 2d DCA), cert. denied, State v. Clanton, 362 So.2d 1056 (Fla.1978); Phillips v. State, 314 So.2d 619 (Fla. 4th DCA 1975).