357 So.2d 455 (1978)
David Andrew CLANTON, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1665.
District Court of Appeal of Florida, Second District.
March 31, 1978.
Rehearing Denied May 5, 1978.
Jack O. Johnson, Public Defender, P. Douglas Brinkmeyer, Asst. Public Defender, and Howard L. Dimmig, II, Legal Intern, Bartow, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Mary Jo M. Gallay, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant Clanton pled nolo contendere to the charge of possession of a controlled *456 substance, specifically reserving his right to appeal the denial of his motion to suppress marijuana seized from his person. The court adjudged him guilty and placed him on probation for three years. Appellant contends the court should have suppressed the marijuana because it was seized incident to an unlawful arrest for disorderly conduct. We agree.
While on patrol in the early morning hours of March 25, 1977, Deputy Vernon Medders of the Polk County Sheriff's Department observed several people in and around two cars parked in the Fort Meade Recreation Park. Suspecting that they might be juveniles drinking alcoholic beverages, Deputy Medders decided to check their identification. He approached one of the cars, opened the passenger door, and asked the driver to get out and produce identification.
Deputy Medders testified at the suppression hearing that appellant, who was standing beside the other vehicle, began to verbally castigate him. The deputy described appellant's conduct as follows:
[H]e began to raise his voice and holler at me I had no damn right to open the door of the  that man's car ... I didn't have a Goddamn search warrant . . I didn't have the right to open the door and the man didn't have to tell me anything... .
Deputy Medders said he then proceeded to the other car which appellant had just entered. He opened the car door, and smelling a slight odor of marijuana, requested that appellant get out of the car so he could search it. Appellant again used strong language to assert that the deputy had no right to search the car. When appellant refused to leave his vehicle, Deputy Medders took him by the hand, assisted him in getting out of the car, and placed him under arrest for disorderly conduct. The deputy then searched the car but found nothing.
After Deputy Medders transported appellant to jail, he observed two small plastic bags protruding from appellant's pockets. He took the bags and, believing that one contained marijuana, placed appellant under arrest for possession of a controlled substance in violation of Section 893.13, Florida Statutes (1975).
Since the deputy did not have a warrant when he searched appellant, the search can be sustained, as the state concedes, only if incident to a valid arrest. Consequently we must focus our attention on the question of the legality of appellant's arrest for disorderly conduct. We hold that appellant's arrest was unlawful because his conduct fell within that which is protected by the First Amendment to the United States Constitution and Article I, Section 4, of the Florida Constitution.
Section 877.03, Florida Statutes (1975), defines and proscribes disorderly conduct.[1] Because the statute could, when applied in certain situations, infringe upon the right of free speech, the Supreme Court of Florida has limited its application to verbal conduct which falls outside the ambit of constitutionally protected speech.
In State v. Saunders, 339 So.2d 641, 644 (Fla. 1976), Justice Hatchett enunciated the following interpretation of Section 877.03:
[W]e now limit the application of Section 877.03 so that it shall hereafter only apply either to words which "by their very utterance ... inflict injury or tend to incite an immediate breach of the peace," White v. State [Fla.], 330 So.2d 3 at 7; see Chaplinsky v. New Hampshire, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates *457 a clear and present danger of bodily harm to others. We construe the statute so that no words except "fighting words" or words like shouts of "fire" in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of overbreadth, and "the danger that a citizen will be punished as a criminal for exercising his right of free speech." Spears v. State [Fla.], supra, 337 So.2d 977 at 980. With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever. To this extent, we modify our previous decisions construing the statute.
339 So.2d at 644 (footnote omitted). So only "fighting words" or false words reporting a physical hazard and likely to cause harm are proscribed by the statute.
From Deputy Medders' testimony it is clear that it was appellant's remarks which formed the basis of the arrest. But, did such offensive language constitute either fighting words or false words likely to cause harm? We think not.
Fighting words are those which are likely to cause the average person to whom they are addressed to fight. Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 87 L.Ed. 1031 (1942). No one condones the language used by appellant or his lack of respect for the officer. Lamentably, in today's society such outbursts are all too frequent. Nevertheless, appellant's obviously offensive language did not amount to such a direct personal attack on Deputy Medders as would cause an average person to resort to violence.
The other verbal conduct for which the supreme court allows punishment consists of words like shouts of "fire" in a crowded theatre. State v. Saunders, supra. Clearly appellant's language did not fall into this category, and since his remarks were not fighting words, he was not guilty of disorderly conduct.
Finally, we find no suggestion in the record that appellant's actions impeded Deputy Medders in the performance of his duties as a law officer.
Accordingly, we reverse the order denying the motion to suppress, and remand this cause for further proceedings consistent with this opinion.
GRIMES, A.C.J., and DANAHY, J., concur.
NOTES
[1] Section 877.03 provides as follows:

Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.