PER CURIAM.
Appellant, A.P., pled nolo contendere to improper exhibition of a weapon, a first-degree misdemeanor. Section 790.10, Fla. Stat. (1991). Adjudication of delinquency was withheld, and appellant was referred to the Juvenile Alternative Services Program (JASP). As sanctions, appellant was required to perform twenty hours of community service, to write an essay, to attend law education class, and to possess no weapon. In addition, appellant was directed to pay costs of $50, pursuant to section 960.20, Florida Statutes (Supp.1992). Appellant contends that section 960.20 does not authorize the imposition of costs when adjudication of delinquency is withheld. We agree, and reverse the order imposing costs.
We find our disposition of this case is controlled by this court’s decision in T.J. v. State, 619 So.2d 425 (Fla. 1st DCA 1993). In T.J., the court held that when adjudication of delinquency is withheld, the court is not authorized to assess costs pursuant to section 960.20, Florida Statutes. The court stated in pertinent part:
Attributing their ordinary meaning to the words used in section 960.20, we find no ambiguity inherent in the statutory language, for it clearly means that the court is authorized to assess $50 costs against a juvenile charged by petition for delinquency only (1) where the juvenile is adjudicated delinquent for violating a criminal law defining a felony, misdemeanor, or criminal traffic offense, or any municipal or county ordinance that adopts by reference any misdemeanor under state law, ...
... Lacking the required adjudication of delinquency, the assessment of $50 costs against T.J. was beyond the court’s authority specified in section 960.20.
Because in this case, as in T.J., adjudication of delinquency was withheld, the assessment of $50 costs exceeded the authority provided in section 960.20. Accordingly, the order imposing costs is reversed.
ERVIN, JOANOS and MICKLE, JJ., concur.