PER CURIAM.
Appellant, C.P., challenges his adjudication of delinquency based upon his conviction for disorderly conduct. Appellant contends that the evidence was insufficient to sustain his conviction, that his initial detention was illegal and that his statements made to police officers did not amount to fighting words or cause a public disturbance inasmuch as they were provoked by the illegal entry into the motel room and appellant’s unlawful detention. We agree that appellant’s initial detention was illegal, and we reverse.
Officer Steven Pew of the St. Peters-burg Police Department testified that during a “drug sweep” of the Broadway Motel in St. Petersburg, he knocked on a door and entered a room containing three individuals, all of whom refused to identify themselves. There was some evidence that this “drug sweep” and subsequent entry into appellant’s motel room was conducted by police officers in the company of city code enforcement inspectors. It was a warrantless entry. One of the individuals in the room identified by the officer as the “juvenile who was lying on the bed” responded to an officer’s question by saying, “Fuck you, pussy cracker.” After unsuccessfully attempting to get the juvenile’s name, address, school and birth date, the officer took him into custody as a dependent child. Officer Pew and another officer escorted the juvenile from the room through the courtyard to a police cruiser. The juvenile then became verbally abusive and yelled so loudly that people were coming out of their rooms to see what was going on.
First, there was no evidence presented indicating that a crime was being committed in appellant’s motel room or that appellant had no lawful right to be there. It is well established that while inspectors may enter solely for the purpose of inspection for code violations, officers may not enter without probable cause, a warrant or exigent circumstances. The officer here had no warrant and no probable cause to believe that a crime had been committed, was being committed or was about to be committed. Neither were there exigent circumstances to justify the presence of law enforcement.
While it may have been appropriate for the officer to accompany the code inspector for protection, it was not proper for the officer to enter the room unless he observed circumstances leading him to believe that a felony had been or was being committed. McGibiany v. State, 399 So.2d 125 (Fla. 1st DCA 1981). Since there was no testimony that the officer observed a crime, and no testimony as to the identification of the other two individuals present with appellant, we conclude that the officer had no probable cause to enter the room and that appellant’s detention was unreasonable.
In any event, the evidence is insufficient to support appellant’s conviction for *602 disorderly conduct. The state conceded that appellant’s language did not constitute fighting words, and argued that it was not what was said, but how loudly the words were spoken that elevated his actions to those involving disorderly conduct. The state also argued that a charge of disorderly conduct may be proven not only by fighting words, but by words known to be false, such as reporting some physical hazard in such circumstances where a clear and present danger of bodily harm can result. See Clanton v. State, 357 So.2d 455 (Fla.2d DCA 1978), cert. denied, 362 So.2d 1056 (Fla.1978). Since appellant’s speech did not constitute either, his speech was protected by the First Amendment.
Additionally, there was no evidence that the public was disturbed or that appellant’s words incited an immediate breach of the peace. See K.Y.E. v. State, 557 So.2d 956 (Fla. 1st DCA 1990). Appellant’s speech lasted from five to seven minutes, the amount of time it took to escort him from his room to the cruiser. Furthermore, although there was testimony that several witnesses heard the speech, there was no testimony that anyone filed a complaint concerning it.
For the above reasons, we reverse appellant’s conviction and resulting adjudication of delinquency.
CAMPBELL, A.C.J., and ALTENBERND and QUINCE, 33., concur.