657 So.2d 1184 (1995)
B.R., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 94-1160.
District Court of Appeal of Florida, First District.
March 17, 1995.
Rehearing Denied August 18, 1995.
*1185 Nancy A. Daniels, Public Defender, and P. Douglas Brinkmeyer, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., and Richard Parker, Asst. Atty. Gen., Tallahassee, for appellee.
JOANOS, Judge.
B.R., a child, appeals a juvenile order of disposition, finding her guilty of breach of the peace and battery on a law enforcement officer. B.R. contends the order finding her guilty of breach of the peace is illegal, because her activities were protected free speech. She further contends the assessment of $50 for the Crime Victim's Compensation Fund was improper. We affirm the order of disposition but strike the determination that appellant was guilty of breach of the peace. We also order that the $50 assessment be stricken.
The officer involved in this incident was working an off-duty job at the apartment complex in which B.R. and her family resided. At the hearing on this matter, the officer testified that his duties at the apartment complex were to initiate contacts with unknown persons on the property, by asking their names and their reason for being there. The officer further stated he had been authorized by the property owner to ask persons to leave the property. When the incident occurred, the officer was in plain clothes, but his marked patrol car was parked beside the apartment manager's office.
The officer said because he had not seen B.R. on the premises prior to the events giving rise to the charges against her, he attempted to ascertain her identity and her reason for being there. When the officer asked B.R. her name and if she lived on the property, she responded with abusive and profane language. The officer told B.R. to leave the property, whereupon she walked across the street and entered a store. Shortly thereafter, B.R. returned. The officer then stopped her, and demanded that she tell him her name before re-entering the property. According to the officer, B.R. said, "I don't have to tell you a fucking thing." The record reflects that the officer decided to arrest B.R. for breach of the peace when she first responded to his questions with profanity, but he did not pursue the matter when she walked across the street. When B.R. tried to re-enter the apartment complex, the officer grabbed her arm, which the child snatched away. In the ensuing struggle, the officer wrestled B.R. to the ground, and cuffed her hands behind her back. Throughout the melee, B.R. yelled profane language. The officer said B.R. got louder and louder, until everyone in the laundry came out, and passersby stopped to watch.
The trial court ruled that B.R. was guilty of both breach of the peace and resisting arrest with violence, but withheld adjudication of delinquency. B.R., then fifteen years of age, was placed in a community control program until her nineteenth birthday, and was ordered to comply with enumerated special conditions, including the condition requiring *1186 the child or her parents to pay $50 to the Crimes Compensation Trust Fund, pursuant to section 460.20, Florida Statutes.
B.R. contends she could not be found guilty of breach of the peace, because her speech and conduct were protected by the First Amendment of the United States Constitution. We agree. The petition for delinquency filed in this cause specifically charged B.R. with "a breach of the peace or disorderly conduct by screaming in public." The statute applicable, section 877.03, Florida Statutes, provides:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
As applied to speech, the Florida Supreme Court has construed the statute narrowly, limiting its application to words which 
"by their very utterance ... inflict injury or tend to incite an immediate breach of the peace," (citations omitted), or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except "fighting words" or words like shouts of "fire" in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of overbreadth, and "the danger that a citizen will be punished as a criminal for exercising his right of free speech." (citation omitted) With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever.
State v. Saunders, 339 So.2d 641, 644 (Fla. 1976).
There is nothing in the record which indicates that the child's loud language inflicted injury or tended to incite a violent response amongst any of the spectators. Although B.R.'s language was frustrating and annoying to the officer, there was no evidence that her screaming was of such nature as to incite anyone in the area to an immediate breach of the peace. See K.Y.E. v. State, 557 So.2d 956 (Fla. 1st DCA 1990); Harbin v. State, 358 So.2d 856 (Fla. 1st DCA 1978); C.P. v. State, 644 So.2d 600 (Fla. 2d DCA 1994). Since the evidence was insufficient to support the trial court's determination that B.R. was guilty of a breach of the peace, we reverse the ruling on that charge.
Turning to the second point raised in this appeal, section 960.20, Florida Statutes, authorizes the assessment of $50 as additional costs against a juvenile adjudicated delinquent for violating a criminal law defining a felony, misdemeanor, or criminal traffic offense, or the violation of any city or county ordinance which adopts by reference any misdemeanor under state law. When adjudication of delinquency is withheld, the court is not authorized to assess costs pursuant to section 960.20, Florida Statutes. A.P. v. State, 622 So.2d 1163 (Fla. 1st DCA 1993); T.J. v. State, 619 So.2d 425 (Fla. 1st DCA 1993). Since adjudication of delinquency was withheld in this case, the assessment of costs pursuant to section 960.20 was improper.
Accordingly, we affirm the order finding B.R. guilty of battery on a law enforcement officer and the disposition made, but strike the trial court's determination that she was guilty of a breach of the peace, and the assessment of costs pursuant to section 960.20, Florida Statutes.
ERVIN and BARFIELD, JJ., concur.