CAMPBELL, Judge.
Appellant, a juvenile found delinquent for disorderly conduct, challenges his adjudication on the grounds that he should not have been found guilty of disorderly conduct since his words did not amount to fighting words or incite a breach of the peace. Appellant also requests that the commitment order be remanded for clarification. We affirm appellant’s conviction, but remand for correction of the commitment order.
Our analysis leads us to conclude that appellant was properly adjudicated delinquent for disorderly conduct because his nonverbal acts disturbed or interfered with an arrest and, therefore, breached the peace. See L.A.T. v. State, 650 So.2d 214, 219, n. 3 (Fla. 3d DCA 1995).
Officer Burton was called to the Malibu Grand Prix to investigate a fight. By the time he arrived, about half of the individuals had departed. However, after some investigation, the officer determined that one of the remaining adults should be arrested. However, he was hindered in making that arrest because of appellant’s actions and words. Appellant repeatedly came so close to the officer and the arrestee that the officer had to repeatedly push him back and tell him to stay away. Appellant’s physical action was accompanied by loud verbal protests and name-calling, particularly calling the manager, who was standing nearby, a “motherfucker.” When appellant would not calm down and stay away from the officer, the officer arrested appellant for disorderly conduct.
The disorderly conduct statute prohibits acts that are of such a nature to “corrupt the public morals, of outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct-” § 877.03, Fla. Stat. (1995). In order to avoid constitutional overbreadth, the Florida Supreme Court limited the application of the statute to words which:
“by their very utterance ... inflict injury or tend to incite an immediate breach of the peace,” (citations omitted); or to *1172 words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except “fighting words” or words like shouts of “fire” in a crowded theater fall within its proscription.
State v. Saunders, 389 So.2d 641, 644 (Fla.1976).
In C.P. v. State, 644 So.2d 600 (Fla. 2d DCA 1994), this court concluded that the evidence was insufficient to support a disorderly conduct conviction because the defendant’s language (“fuck you, pussy cracker”) did not constitute fighting words, and there was no evidence that the public was disturbed or that the defendant’s words incited an immediate breach of the peace. We believe that appellant’s language here, referring to the manager as a “motherfucker,” may be considered essentially the same as the language in C.P. Furthermore, since a crowd was drawn in both instances, the only question is whether appellant’s additional physical actions rendered his heretofore protected speech unprotected.
We conclude that appellant’s words and actions did incite an immediate breach of the peace because under L.A.T., appellant’s nonverbal acts disturbed or interfered with the arrest and, therefore, breached the peace. In L.A.T., the court concluded that defendant’s loud and profane screaming at the officer was constitutionally protected speech, but specifically distinguished that situation from one where the speech incited actions on the part of others or where the defendant himself took nonverbal action. The L.A.T. court observed that while the defendant’s speech there created a “scene,” the First Amendment does not permit imposition of criminal sanctions for making a scene. In the instant case, appellant’s actions amounted to more than creating a scene; his actions actually hindered the arrest of a suspect, amounting to a breach of the peace. Given appellant’s nonverbal acts in combination with his speech, we conclude that the court was correct in adjudicating him a delinquent on the basis of his violation of the disorderly conduct statute.
Appellant has also challenged the commitment order on the ground that it did not specify the maximum term of commitment. The state concedes error. We agree. Since the maximum adult sentence for disorderly conduct is sixty days (§§ 877.03, 775.082(4)(b), Fla.Stat. (1995)), we remand for correction and direct the trial court to specify the term of commitment.
We also note that the order of commitment was incorrect insofar as it states that appellant pled guilty to disorderly conduct. Rather, he was found guilty by the court of disorderly conduct, but entered a negotiated plea of guilty to the other two offenses. Accordingly, we remand for correction of the commitment order to reflect appellant’s true status.
DANAHY, A.C.J., and SCHOONOVER, J., concur.