780 So.2d 197 (2001)
Gloria MILLER, Appellant,
v.
STATE of Florida, Appellee.
No. 2D99-4427.
District Court of Appeal of Florida, Second District.
February 2, 2001.
James Marion Moorman, Public Defender, and Sean K. Ahmed, Special Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann Pfeiffer Howe, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Gloria Miller appeals from her convictions for disorderly conduct, battery on a law enforcement officer, and obstructing an officer with violence. We find merit in her challenge to the disorderly conduct conviction and reverse as to that charge, but affirm as to the remaining charges.
Miller was arrested for disorderly conduct in her home by an officer who was sent to the scene to investigate a reported domestic disturbance. Miller's pre-arrest conduct consisted of loud and aggressive speech, directing the arresting officer to remove her boyfriend from the residence. Miller argues that the evidence was insufficient to prove disorderly conduct because there was no evidence that her actions were more than a mere annoyance to those around her.
The disorderly conduct statute provides: Whoever commits such acts as are of a nature to corrupt the public morals, or *198 outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty....
§ 877.03, Fla.Stat. (1997). The statute has been limited, however, in its application to words that:
"by their very utterance ... inflict injury or tend to incite an immediate breach of the peace," (citations omitted) or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except "fighting words" or words like shouts of "fire" in a crowded theater fall within its proscription.
C.L.B. v. State, 689 So.2d 1171, 1171-72 (Fla. 2d DCA 1997) (quoting State v. Saunders, 339 So.2d 641, 644 (Fla.1976)).
Although protected speech can be rendered unprotected by a defendant's additional physical actions, see C.L.B. v. State, 689 So.2d at 1172, here, Miller's conduct was entirely verbal until the officer initiated the arrest. Under the limited application of the statute, the trial court should have granted Miller's motion for judgment of acquittal because her words were neither fighting words nor false words that created a clear and present danger of harm to others and, thus, were protected by the First Amendment. See id.; C.P. v. State, 644 So.2d 600 (Fla. 2d DCA 1994). Accordingly, we reverse the disorderly conduct conviction.
Miller argues that the convictions for battery on a law enforcement officer and obstructing with violence should also be reversed because the officer was not engaged in a lawful duty when the battery and obstruction occurred. We reject this argument because the violence perpetrated by Miller was in response to the officer's attempt to arrest her. Therefore, section 776.051(1), Florida Statutes (1997), which states that a person is not justified in the use of force to resist an arrest, applies here. Because the statute makes it unlawful to resist an arrest with violence even if the arrest is illegal, Miller was not justified in using force against the officer. Compare Taylor v. State, 740 So.2d 89 (Fla. 1st DCA 1999).
Affirmed in part, reversed in part and remanded.
THREADGILL, A.C.J., and DAVIS, J., concur.