NORTHCUTT, Judge.
Edward Baymon challenges the denial of his motion to suppress, which he preserved for appeal when pleading guilty to possession of cocaine and marijuana and to disorderly conduct. We reverse because the contraband was seized in a search incident to an unlawful arrest.
At the suppression hearing, Deanna Es-tep testified that Baymon was irate and loud with her, so she called the police. Deputy Bennett testified that he responded to a call about a neighborhood disturbance. When he arrived, Baymon walked toward him “aggressively with his hands in the air.” Baymon then put his hands in his pockets and continued approaching. The deputy threatened to use force if Bay-mon did not stop and show his hands. The deputy then told Baymon he was being detained, and Baymon agreed to sit in the back of the patrol car. After Deputy Bennett took a statement from Estep, he arrested Baymon for disorderly conduct. Searches incident to the arrest revealed two bags of drugs.
Baymon pleaded to the charges, specifically reserving his right to appeal the denial of his motion to suppress. The court and the State both agreed that the motion was dispositive, and the State does not argue otherwise on appeal.
An officer is authorized to make a warrantless arrest for a misdemeanor only when it is committed in the officer’s presence. § 901.15(1), Fla. Stat. (2004); Nickell v. State, 722 So.2d 924 (Fla. 2d DCA 1998). In this case, Deputy Bennett did not observe conduct constituting the crime of disorderly conduct. Although the deputy observed Baymon yelling and screaming, there was nothing to suggest that Baymon was inciting an immediate breach of the peace or was yelling the equivalent of “fire” in a crowded movie theatre. See State v. Saunders, 339 So.2d 641 (Fla.1976) (limiting disorderly conduct statute, when applied purely to speech, to fighting words and false words that create a clear and present danger to others); see also Miller v. State, 780 So.2d 197 (Fla. 2d DCA 2001); C.P. v. State, 644 So.2d 600 (Fla. 2d DCA 1994). Baymon’s arrest was unlawful. Therefore, the law mandated suppression of the evidence seized in any search performed incident to that arrest. Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).
Reversed.
KELLY, J., and GALLEN, THOMAS M., Associate Senior Judge, Concur.