LaROSE, Judge.
In this consolidated appeal, Tyrone Jenkins challenges his convictions after a plea to cocaine possession with intent to sell, drug paraphernalia possession, and altering a license tag in trial case 09-CF-13383; his convictions after a plea to possession of counterfeit private labels and altering a license tag in trial case 09-CF-14318; and the revocation of his probation for cocaine possession and battery in trial case 08-CF-3171, based on the new law violations. The trial court sentenced Mr. Jenkins to thirty-six months in prison. Mr. Jenkins reserved the right to appeal the dispositive denials of his motions to suppress evidence and statements in cases 09-CF-13383 and 09-CF-14318. See Fla. R.App. P. 9.140(b)(2)(A)(i). We conclude that Mr. Jenkins’ arrests for altering a license tag were unlawful because he did not commit the offense in the presence of police officers. See § 901.15(f),[1] Fla. Stat. (2009); Baymon v. State, 933 So.2d 1269, 1270 (Fla. 2d DCA 2006). Thus, we reverse and remand for further proceedings.
In mid-September 2009, police officers stopped Mr. Jenkins’ car because he was playing loud music, had a tinted plastic cover over his license tag, and failed to make a complete stop at a red light. The officers arrested Mr. Jenkins for altering a license tag, a second-degree misdemeanor. See § 320.061, Fla. Stat. (2009). Incident to arrest, they searched him and the car. The officers found cocaine in Mr. Jenkins’ wallet and baggies with cocaine residue *740 and a digital scale in the car trunk. Mr. Jenkins stated that he was selling drugs because he kept getting laid off and he was broke.
Less than a month later, police officers again spotted Mr. Jenkins’ car; it was still sporting the tinted plastic license tag cover. They conducted a traffic stop and arrested him again for obscuring a license tag. An inventory search of the car uncovered seven hundred counterfeit music and video CDs and DVDs. Mr. Jenkins admitted that he knew having the- counterfeit CDs and DVDs was wrong, but he was just trying to make ends meet.
The State filed an affidavit of violation of probation in case 08-CF-3171 based on the alleged new law violations in cases 09-CF-13383 and 09-CF-14318.
Mr. Jenkins filed motions to suppress in all three eases. He argued that his arrests were unlawful because altering a license tag was a misdemeanor that must be committed within the presence of a law enforcement officer for an arrest to be lawful. See § 901.15(1), Fla. Stat. (2009); Baymon, 933 So.2d at 1270 (holding officers cannot arrest for misdemeanor unless defendant commits it in their presence). It is undisputed that Mr. Jenkins did not alter the tag in the presence of the police officers. Unpersuaded, the trial court denied the motions “based on [its] review of the case law on obscured tag.” Mr. Jenkins then entered open no-contest pleas in cases 09-CF-13383 and 09-CF-14318, reserving his right to appeal the denial of the dispositive motions to suppress. The trial court convicted him on all charges in cases 09-CF-13383 and 09-CF-14318, revoked his probation in case 08-CF-3171, and sentenced him to thirty-six months in prison.
Mr. Jenkins argues that the trial court erred in denying his motions to suppress because the searches were incident to his arrests, and the arrests were unlawful because the altering-a-license-plate violations were misdemeanors not committed in the presence of the police officers. See § 901.15(1); Baymon, 933 So.2d at 1270. We agree. In cases 09-CF-13383 and 09-CF-14318, the officers arrested Mr. Jenkins for violating section 320.061, which provides as follows:
No person shall alter the original appearance of any registration license plate, mobile home sticker, validation sticker, or vehicle registration certificate issued for and assigned to any motor vehicle or mobile home, whether by mutilation, alteration, defacement, or change of color or in any other manner. No person shall apply or attach any substance, reflective matter, illuminated device, spray, coating, covering, or other material onto or around any license plate that interferes with the legibility, angular visibility, or detectability of any feature or detail on the license plate or interferes with the ability to record any feature or detail on the license plate. Any person who violates this section commits a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
The officers were not present when the clear tinted plastic cover was placed over the license plate. We note that the officers could have instead charged Mr. Jenkins with violating section 316.605, Florida Statutes (2009), requiring display of license plates in a manner that
all letters, numerals, printing, writing, and other identification marks upon the plates regarding the word “Florida,” the registration decal, and the alphanumeric designation shall be clear and distinct and free from defacement, mutilation, grease, and other obscuring matter, so that they will be plainly visible and legible at all times 100 feet from the rear....
*741 However, the arrest still would not have been lawful, even though Mr. Jenkins displayed the license plate — in the officers’ presence — in a manner that allegedly was not plainly visible and legible, because violating section 316.605 is not a misdemean- or or municipal or county ordinance, but a noncriminal traffic infraction. See § 316.605(1) (“A violation of this subsection is a noncriminal traffic infraction, punishable as a nonmoving violation as provided in chapter 318.”).
The proper procedure to handle the tag alteration charges was for the officers to issue a traffic citation containing a notice to appear, see § 316.650, Fla. Stat. (2009)[2], which “invokes the subject matter jurisdiction of the court and commences prosecution of the criminal traffic case.” See Fla. R. Traffic Court 6.165.[3],[4]
Because the arrests were unlawful, “the law mandated suppression of the evidence seized in any search performed incident to that arrest.” See Baymon, 933 So.2d at 1270 (citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963)). Accordingly, we reverse Mr. Jenkins’ convictions for possession of cocaine with intent to sell and possession of drug paraphernalia in case 2D10-5322 (case 09-CF-13383). We reverse his conviction for possession of counterfeit private labels in case 2D10-5364 (case 09-CF-14318). We remand those cases for resentencing on his convictions[5] for altering a license tag. We reverse the revocation of probation in case 2D10-5365 (case 08-CF-3171) and remand for consideration of whether to revoke, modify, or continue probation based only on altering a license tag. See Paterson v. *742 State, 612 So.2d 692, 694 (Fla. 1st DCA 1993).
Based on our disposition of these cases, we need not address Mr. Jenkins’ other arguments on appeal.
Reversed and remanded.
NORTHCUTT and CRENSHAW, JJ., Concur.

. 901.15. When arrest by officer without warrant is lawful. — A law enforcement officer may arrest a person without a warrant when:
(1) The person has committed a felony or misdemeanor or violated a municipal or county ordinance in the presence of the officer. An arrest for the commission of a misdemeanor or the violation of a municipal or county ordinance shall be made immediately or in fresh pursuit.

. 316.6S0. Traffic citations
(l)(a) The department shall prepare and supply to every traffic enforcement agency in this state an appropriate form traffic citation that contains a notice to appear, is issued in prenumbered books, meets the requirements of this chapter or any laws of this state regulating traffic, and is consistent with the state traffic court rules and the procedures established by the department. The form shall include a box that is to be checked by the law enforcement officer when the officer believes that the traffic violation or crash was due to aggressive careless driving as defined in s. 316.1923. The form shall also include a box that is to be checked by the law enforcement officer when the officer writes a uniform traffic citation for a violation of s. 316.074(1) or s. 316.075(l)(c)l. as a result of the driver failing to stop at a traffic signal.

. Rule 6.165. Complaint; Summons; Form; Use
(a) Uniform Traffic Citation. All prosecutions for criminal traffic offenses by law enforcement officers shall be by uniform traffic citation as provided for in section 316.650, Florida Statutes, or other applicable statutes, or by affidavit, information, or indictment as provided for in the Florida Rules of Criminal Procedure. If prosecution is by affidavit, information, or indictment, a uniform traffic citation shall be prepared by the arresting officer at the direction of the prosecutor or, in the absence of the arresting officer, by the prosecutor and submitted to the department.

. "[T]he uniform traffic citation constitute^] the charging document. When issued and served, a uniform traffic citation is the equivalent of an executed information.... [S]er-vice on the accused of a copy of a properly prepared uniform traffic citation containing a notice to appear, and the timely filing of the original and one copy of the traffic citation, as required by section 316.650(3), Florida Statutes in the court having jurisdiction over the alleged offense, invokes the subject matter jurisdiction of the court and commences prosecution of the criminal traffic case for purposes of the statute of limitations.... ”
Ivory v. State, 588 So.2d 1007, 1009 (Fla. 5th DCA 1991).

. Rule 6.560. Conviction of Traffic Infraction
An admission or determination that a defendant has committed a traffic infraction shall constitute a conviction as that term is used in chapter 322, Florida Statutes, and section 943.25, Florida Statutes....