NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


B.G.,                                              )
                                                   )
            Appellant,                             )
                                                   )
v.                                                 )            Case No. 2D15-5380
                                                   )
STATE OF FLORIDA,                                  )
                                                   )
            Appellee.                              )
_____ )

Opinion filed February 10, 2017.

Appeal from the Circuit Court for Charlotte
County; Mark Steinbeck, Senior Judge.

Howard L. Dimmig, II, Public Defender, and
Tosha Cohen, Assistant Public Defender,
Bartow, for Appellant.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Cerese Crawford Taylor,
Assistant Attorney General, Tampa, for
Appellee.


VILLANTI, Chief Judge.

        B.G. seeks reversal of a disposition order in which the trial court withheld

adjudication after finding him guilty of resisting an officer without violence, possession of

marijuana, and possession of paraphernalia.  Because the State failed to prove that the

officer who initially detained B.G. was engaged in the lawful execution of a legal duty when he did so, the arrest made during that detention was illegal, and the evidence obtained as a result of that arrest should have been suppressed. Therefore, we must reverse and remand for discharge.

The evidence at trial showed that B.G. was standing with a group of four other juveniles on a sidewalk in a park. An officer on routine patrol saw smoke emanating from the group and smelled the odor of burning marijuana. He testified that he saw a male throw a lit cigarette into the grass nearby, but he could not identify who in the group had discarded the cigarette. Based on these observations, the officer detained all of the members of the group and informed them that he was going to search each of them. The officer testified that each member of the group "smelled equally" like marijuana.

As the officer began to search group members, B.G. repeatedly told the officer that he was not consenting to be searched. In response, the officer told B.G. that he would either consent to be searched or be arrested for obstructing an officer without violence. When B.G. continued to refuse to be searched, the officer arrested him for obstructing without violence. After his arrest, and when it was clear that he was going to be searched, B.G. told the officer that he had marijuana in his pocket. The officer then added charges against B.G. for possession of that marijuana and possession of paraphernalia.

Prior to his disposition hearing, B.G. filed a motion to suppress the marijuana and paraphernalia, arguing that because his initial detention was illegal, his arrest for obstructing an officer was illegal, as was the resulting search incident to his

arrest. The trial court denied the motion to suppress. During the disposition hearing, B.G. raised the same argument as a motion for dismissal under Florida Rule of Juvenile Procedure 8.110(f). This motion was also denied. At the close of evidence, the trial court found B.G. guilty as charged, but withheld adjudication. B.G. then brought this appeal.

The problem with the State's evidence in this case begins at the very start of the encounter between B.G. and the police. It is hornbook law that an officer must have reasonable suspicion of criminal activity before an individual can be legally detained. See Davis v. State, 973 So. 2d 1277, 1279 (Fla. 2d DCA 2008). "For reasonable suspicion justifying a detention to exist, 'the detaining officer[ ] must have a particularized and objective basis for suspecting the particular person stopped of criminal activity.' " O.B. v. State, 36 So. 3d 784, 786 (Fla. 3d DCA 2010) (quoting Tillman v. State, 934 So. 2d 1263, 1273 (Fla. 2006)). "Mere suspicion is not enough to support a stop." Popple v. State, 626 So. 2d 185, 186 (Fla. 1993). Instead, "[t]he officer must be able to articulate something more than an inchoate and unparticularized suspicion or hunch." O.B., 36 So. 3d at 787 (quoting United States v. Sokolow, 490 U.S. 1, 7 (1989) (internal quotations omitted)). "Whether an officer's suspicion is reasonable is determined by the totality of the circumstances which existed at the time of the stop and is based solely on facts known to the officer before the stop." A.T. v. State, 93 So. 3d 1159, 1160 (Fla. 4th DCA 2012) (emphasis added) (quoting Fuentes v. State, 24 So. 3d 1231, 1234 (Fla. 4th DCA 2009)). In other words, an officer cannot justify a detention after the fact based on information gathered during the improper detention.

Here, the officer detained the entire group based on the smell of marijuana coming from the group. However, on facts similar to these, this court has held that "[t]he fact that appellant 'was standing with a group of [individuals] surrounded by the odor of burned marijuana was insufficient to supply more than a "mere suspicion" that [appellant] was in possession of marijuana.' " Id. at 1161 (quoting Robinson v. State, 976 So. 2d 1229, 1233 (Fla. 2d DCA 2008)). Simply put, the odor of marijuana emanating from a group cannot, by itself, form the basis of a lawful detention of any particular member of that group. Nor can the fact that each member of the group engulfed in "billowing smoke," as the officer testified, smelled equally of marijuana. Therefore, when the officer detained the entire group, including B.G., based on the odor of marijuana coming from the group, the officer was not engaged in the lawful execution of a legal duty, and that detention was illegal. And because the detention was illegal, B.G.'s refusal to be searched could not support a charge of obstructing an officer without violence. See, e.g., Davis, 973 So. 2d at 1279; Jay v. State, 731 So. 2d 774, 777 (Fla. 4th DCA 1999). Therefore, the trial court should have granted B.G.'s motion for dismissal on the resisting charge.

Turning to the possession charges, it is well known that "[g]iven a valid arrest, a police officer is authorized to conduct a search incident to effecting that arrest." Sands v. State, 414 So. 2d 611, 615 (Fla. 3d DCA 1982). However, "[i]t is the fact of the lawful arrest which establishes the authority to search." Id. (quoting United States v. Robinson, 414 U.S. 218, 235 (1973)). Therefore, "[i]f an arrest is unlawful, then any search or seizure made incident thereto is invalid, and any evidence developed as a result thereof is inadmissible." Johnson v. State, 395 So. 2d 594, 596 (Fla. 2d DCA

- 4 -

1981; see also Jenkins v. State, 102 So. 3d 739, 741 (Fla. 2d DCA 2012) (quoting Baymon v. State, 933 So. 2d 1269, 1270 (Fla. 2d DCA 2006)); see generally Wong Sun v. United States, 371 U.S. 471, 484 (1963) (holding that evidence collected as the result of an illegal search must be suppressed during the trial).

Further, when incriminating statements are made as a direct result of an illegal arrest and the evidence in question is "in some sense the product of illegal government activity," that evidence should be suppressed. Jackson v. State, 1 So. 3d 273, 278 (Fla. 1st DCA 2009) (quoting Nix v. Williams, 467 U.S. 431, [444] (1984)). The relevant question is "whether, granting establishment of the primary illegality, the evidence to which instant objection is made has been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint." Wong Sun, 371 U.S. at 488 (quoting Maguire, Evidence of Guilt 221 (1959)).

Here, as a direct result of his illegal arrest for obstructing without violence, B.G. admitted to the officer that he had marijuana in his pocket. No independent intervening act or activity occurred that would remove the taint of the illegal arrest from this spontaneous confession. In addition, the evidence was not obtained during a valid search incident to B.G.'s arrest because that arrest was itself illegal. Hence, the trial court should have granted B.G.'s motion to suppress the marijuana and paraphernalia evidence obtained as a result of B.G.'s arrest.

In sum, because the State failed to show that the officer was engaged in the lawful execution of a legal duty when he detained B.G., the trial court erred in denying B.G.'s motion for dismissal on the charge of obstructing without violence. And because B.G.'s arrest for obstructing was illegal, the evidence gathered as a direct

result of that arrest should have been suppressed.  Accordingly, we reverse and remand for discharge.

Reversed and remanded for discharge.

NORTHCUTT, J., and CASE, JAMES R., ASSOCIATE SENIOR JUDGE, Concur.